# APPLIED SIGNAL AND IMAGE TECHNOLOGY, INC.

v.

# HARLEYSVILLE MUTUAL INSURANCE CO.

No. Civ.A. CCB–02–1944.

United States District Court, D. Maryland.

Aug. 29, 2002.

---

Peter H. Gunst, Donna M.D. Thomas, Jonathan F. Monheit, Astrachan Gunst Thomas and Ahn, Baltimore, MD, for Plaintiff.

William Carlos Parler, Jr., Parler and Wobber LLP, Towson, MD, for Defendant.

## MEMORANDUM

BLAKE, District Judge.

Plaintiff Applied Signal and Image Technology, Inc. ("ASIT") has sued Harleysville Mutual Insurance Co. ("Harleysville") for attorneys' fees and costs incurred in defending against a suit filed by Mr. Joseph Hejl, a shareholder and former corporate officer of ASIT. ASIT contends that Harleysville's duty to defend was triggered by the "false light" claim in Count IV of the Hejl complaint. Harleysville denies having such an obligation and cites in support various exclusions from the Harleysville policy which it maintains applies to Hejl's claims.[1] Now pending are the following motions: (1) Plaintiff's Motion for Summary Judgment filed on May 3, 2002;[2] (2) Defendant's Motion for Ex-

---

1. Harleysville maintains that the following exclusion in ASIT's insurance policy prevents it from having any duty to defend.

Employment–Related Practices Exclusion
The following exclusion is added to Section B. Exclusions of the Business Owners Liability Coverage Form:
This insurance does not apply to "bodily injury" or "personal injury" arising out of any:
  a. Refusal to employ;
  b. Termination of employment;
  c. Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

  d. Consequential "bodily injury" or "personal injury" as a result of a. through c. above.
This exclusion applies whether the insured may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.
(*See* Harleysville's Answer and Counterclaim, Ex. 1.)

2. This motion was filed in the Circuit Court for Anne Arundel County prior to Harleysville's removal of the case to this court on June 10, 2002.

tension of Time to Respond to Plaintiff's May 3rd Summary Judgment Motion; (3) Plaintiff's Partial Motion for Summary Judgment filed on August 8, 2002; and (4) Defendant's Motion for Extension of Time to Respond to Plaintiff's August 8th Partial Summary Judgment Motion. In the motions for extension, Harleysville requests the opportunity to conduct discovery pursuant to Fed.R.Civ.P. 56(f) before responding to ASIT's motions for summary judgment. The motions have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, the court will deny Harleysville's request.

### *ANALYSIS*

Fed.R.Civ.P. 56(f) provides:

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just.

The Fourth Circuit has instructed courts to refuse summary judgment "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Nguyen v. CNA Corp.,* 44 F.3d 234, 242 (4th Cir.1995) (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (noting that summary judgment is appropriate only "after adequate time for discovery"); *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 719 (4th Cir.1991) (same), *cert. denied,* 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992).

Harleysville seeks the opportunity to engage in discovery regarding "the nature of the [Hejl] litigation, the pleadings filed in court, [and] all work or tasks performed in defense of the suit ...." (*See* Harleysville's Mot. for Ext. of Time, p. 3.) That information, however, is not essential to a determination of whether Harleysville has a duty to defend. The Maryland Court of Appeals uses the following test to ascertain whether an insurer is under a duty to defend:

'In determining whether a liability insurer has a duty to provide its insured with a defense in a tort suit, two types of questions ordinarily must be answered: (1) what is the coverage and what are the defenses under the terms and requirements of the insurance policy? (2) do the allegations in the tort action potentially bring the tort claim within the policy's coverage? The first question focuses upon the language and requirements of the policy, and the second question focuses upon the allegations of the tort suit.' To answer these two inquiries as they pertain to the facts of the instant case, we must ascertain the scope and limitations of coverage under the [insurer's] insurance policies and then determine whether the allegations in the [underlying tort] action would potentially be covered under those policies.

*Aetna Cas. & Sur. Co. v. Cochran,* 337 Md. 98, 651 A.2d 859, 862 (1995) (*quoting St. Paul Fire & Marine Ins. Co. v. Pryseski,* 292 Md. 187, 438 A.2d 282, 285 (1981)). In other words, where, upon comparison of the complaint and the policy, there exists a potentiality that a claim could be covered, an insurer has a duty to defend. *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842, 850 (1975); *see also Western World Ins. Co. v. Harford Mutual Ins. Co.,* 784 F.2d 558, 562 (4th Cir.1986) ("The sole controlling factor relating to [the insurer's] duty to defend is whether the

allegations contained in [the complaint] are such that a "potentiality" of coverage exists."); *Sheets v. The Brethren Mutual Ins. Co.*, 342 Md. 634, 679 A.2d 540, 542 (1996); *Cochran*, 651 A.2d at 861; *Loewenthal v. Security Ins. Co. of Hartford*, 436 A.2d 493, 496 (Md.App.1981).[3] Extrinsic evidence of the sort Harleysville requests may be used to determine whether a duty exists when the allegations in the complaint are ambiguous. *Sheets*, 679 A.2d at 542 n. 2 (*citing Aetna v. Cochran*, 337 Md. 98, 651 A.2d 859, 863–66 (1995)). An insurer, however, may not use extrinsic evidence to contest coverage if allegations in the underlying tort suit sufficiently establish a potentiality of coverage. *Id. (citing Cochran*, 651 A.2d at 863). In such cases, a court will not look beyond the four corners of the complaint.

█ Thus, to determine whether Harleysville had a duty to defend, this court need only look to the allegations in the complaint and the coverage provisions of the policy, both of which are already in the possession of the defendant. The court will therefore deny Harleysville's motions to extend time for the purpose of conducting discovery, but will give Harleysville time to respond to plaintiff's motion for partial summary judgment. Because information about ASIT's actual fees and costs is relevant only if Harleysville has an obligation to defend, the court will issue a scheduling order permitting discovery on these issues if necessary after the question of coverage is resolved. ASIT's initial motion for summary judgment will be denied without prejudice.

A separate Order follows.

*ORDER*

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. the defendant's motions for extensions of time (docket numbers 5 and 11) are **DENIED;**

2. the plaintiff's motion for summary judgment filed on May 3, 2002 (in state court) is **DENIED** without prejudice;

3. the defendant shall respond to plaintiff's motion for partial summary judgment no later than September 20, 2002; and

4. copies of this Order and the accompanying Memorandum shall be sent to counsel of record.

3. Even where there is no basis in law or fact for a plaintiff's claim, a duty to defend may exist. *Brohawn*, 347 A.2d at 850. Indeed, it has been stated that "[t]he defense obligation extends even to those claims filed in bad faith for the sole purpose of raising a potentiality of coverage." *Litz v. State Farm Fire and Casualty Company*, 346 Md. 217, 695 A.2d 566, 570 (1997) (*citing* Andrew Janquitto, *Insurer's Duty to Defend in Maryland*, 18 U.BALT.L.REV. 1, 13–14 (1988) (footnotes omitted)).